UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 93-401-CR-GRAHAM

UNITED STATES OF AMERICA,

vs.

ATILANO DOMINGUEZ,

    Defendant
_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant Atilano Dominguez's Motion for Sentence Reduction Under 18 U.S.C. § 3582, Section 782, and the First Step Act of 2018. [D.E. 283].

**THE COURT** has reviewed the pleadings and is otherwise fully advised in the premises. Based on the following, the defendant's motion is denied.

Defendant Atilano Dominguez filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of (a) Amendment 782 to the United States Sentencing Guidelines ("Guidelines"), which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses and (b) the First Step Act of 2018, that authorizes the Court only to modify a defendant's sentence if it is a "covered offense." See Pub. L. No. 115-391, 132 Stat. 5194, § 404(b).[1]

The Court denies Defendant Dominguez's Motion for a reduction

---

[1] Though the Defendant does not specifically cite the First Step Act, under a liberal interpretation for *pro se* pleadings, the Court interprets the Defendant's argument that his sentence was a "manifest injustice" and it is "questionable [now] whether [Defendant's] prior possession with intent to distribute cocaine is a 'serious drug

of his sentence because Defendant was not sentenced based on a drug quantity. Rather, Defendant Dominguez's offense level computation was configured using the career offender guideline. Thus, Amendment 782 does not change Defendant's sentencing range because it did not rest on the provision in Section 2D1.1 that was amended.

Under the version of Section 2D1.1 in effect at the time of sentencing, the Defendant's base offense level for the drug offense was 32; that would be reduced to 30 pursuant to Amendment 782. However, Defendant Dominguez was a career offender, based on his prior convictions for other drug trafficking offenses, and his sentence was enhanced pursuant to 21 U.S.C. § 851. Accordingly, his base offense level was increased to 37 pursuant to Section 4B1.1, providing for a mandatory sentence of life imprisonment. That enhancement is unaffected by the recent guideline amendment, and the Defendant Dominguez's offense level remains exactly what it was at the time of sentencing.

Moreover, Defendant Dominguez is ineligible for any relief under Section 404 of the First Step Act of 2018 as he was not charged with a cocaine base offense. Specifically, the First Step Act does not address marijuana trafficking convictions for a career offender who was previously convicted of three other cocaine trafficking convictions, which convictions serve as the basis for the Defendant's sentence.

Additionally, Defendant Dominguez does not qualify for any

---

offense'" to be an argument based on the recent passage of the First Step Act [DE 283:3, 5].

2

relief pursuant to sections 603 (a) and (b) of the First Step Act of 2018 which addresses elderly and ill inmates. Specifically, Section 603(b) addresses an expanded area for compassionate release of certain inmates who are near death and/or in need of certain medical care that the Bureau of Prisons is unable to provide. Based upon the statutory criteria and applicable Guidelines found in USSG § 1B1.13, Defendant Dominguez, although elderly, does not meet the statutory requirements for home detention, does not appear to be terminally ill, and does not appear to meet the requirements based on any extraordinary and compelling reasons for a compassionate release. Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Atilano Dominguez's Motion for Sentence Reduction Under 18 U.S.C. § 3582, Section 782, and the First Step Act of 2018. [D.E. 283] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of November, 2019.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3