UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-401-CR-GRAHAM

UNITED STATES OF AMERICA

vs.

ATILANO DOMINGUEZ, *et al.*,

   Defendant.
_____/

## MOTION FOR COMPASSIONATE RELEASE

Mr. Atilano Dominguez, through undersigned counsel, and pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, files this motion for compassionate release, and in support states:

### BACKGROUND

On February 28, 1994, Mr. Dominguez was sentenced to life imprisonment by this Court, DE 120, after he was found guilty by a jury of counts one and two of the indictment charging him with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. DE 85.

Mr. Dominguez applied for compassionate release and the warden at the United States Penitentiary in Lewisburg denied Mr. Dominguez's application. Undersigned counsel is in the process of acquiring copies of the application and

denial. Those documents have been mailed to Mr. Dominguez's family and will be filed separately as soon as they are received.[1]

## DANGERS POSED BY COVID-19 AND MR. DOMINGUEZ'S CONTINUED IMPRISONMENT

The entire world, and this Court in particular, is aware of the dangers posed by COVID-19. *See, e.g., United States v. Oreste*, Case No. 14-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.); *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Platten*, Case No. 08-cr-80148 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.); *United States v. Nieves Suarez*, Case No. 18-20175 (S.D. Fla. Apr. 20, 2020) (Cooke, J.); *United States v. Lima*, Case No. 16-200088 (S.D. Fla. May 11, 2020) (Scola, J.). This Court has been active in resolving motions for compassionate relief, and as such is fully apprised of the impact of the pandemic on prison populations. Mr. Dominguez will, therefore, focus on the risk factors that he specifically faces in the United States Penitentiary in Lewisburg given his particular health issues.

Mr. Dominguez is 80 years old and he suffers from a number of co-morbidities, including diabetes mellitus, type II, hypertension, congestive heart

---

[1] Undersigned counsel has emailed BOP Regional Counsel Darrin Howard, and Deputy Regional Counsel Adam Johnson, for confirmation that Mr. Dominguez has applied for compassionate release and that the application was denied. In an abundance of caution, and since communication with Mr. Dominguez is difficult due to his advanced age, undersigned counsel has submitted an additional application for compassionate release on Mr. Dominguez's behalf. That application was emailed to the Warden and the Executive Assistant at Lewisburg USP, as well as the Regional and Deputy Regional Counsel. That application was served via email and certified U.S. mail. In a worst case scenario, if there was some miscommunication or Mr. Dominguez's application cannot be confirmed, in thirty days the instant motion will be ripe.

failure, coronary atherosclerosis, hyperlipidemia, GERD, anemia, eosinophilia, and enthesopathy and osteoarthritis of both knees. Mr. Dominguez has undergone quadruple bypass surgery, a proctectomy, cataracts surgery and a hernia operation while in custody. His knee issues prevent him from standing or walking for any significant duration. As such, he relies on other inmates to wheel him to places where he needs to go, which is kindness from his fellow inmates, but makes it even harder for him to maintain proper social distance. He also has no teeth, but no allowance is made for that condition in his diet, so he must sustain himself on whatever he can masticate with his gums. All of these conditions and comorbidities will further complicate his prognosis if he becomes infected with COVID-19. The Centers for Disease control have identified diabetes and heart disease as "serious underlying medical conditions [that] might [put one] at higher risk for severe illness from COVID-19." *See* Groups at Higher Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#diabetes (last visited September 1, 2020).

Mr. Dominguez is given the following medications by the officials at the Lewisburg USP:

- Acetaminophen
- Amoxicillin
- Asprin

- Atorvastatin
- DULoxetine HCI
- GlipiZIDE
- Isosorbide Dinitrate
- Lisonopril
- Metformin
- Metronidazole
- Magnesium Oxide
- Metoprolol Tartrate
- Nitroglycerin
- Omeprazole
- Ranitidine HCI
- Vitamin D3

The conditions at the United States Penitentiary in Lewisburg put Mr. Dominguez at grave risk for being infected with the COVID-19 virus, where he will face an increased chance of serious illness with long-term consequences and even death. As of the time of this filing the penitentiary has a population of 1,272 inmates. *See* USP Lewisburg, available at https://www.bop.gov/locations/institutions/lew/ (last visited September 1, 2020). The BOP public information web page for Covid-19 infections shows that 85

inmates have tested positive for the virus. *See* COVID-19 Coronavirus, available at https://www.bop.gov/coronavirus/ (last visited September 1, 2020). Furthermore, there are currently 8 staff members infected with Covid-19.

## ARGUMENT

The compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides, in pertinent part, that "the court … upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Before granting compassionate release, the Sentencing Commission directs courts to consider when a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Mr. Dominguez has exhausted administrative remedies, permitting this Court to consider Mr. Dominguez's motion.

"Courts have repeatedly held that if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating

an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute 'extraordinary and compelling reasons.'" *United States v. Lima*, Case No. 16-20088 (S.D. Fla. May 11, 2020) (Scola, J.) DE 137:2.

Research shows that diabetes patients, like Mr. Dominguez, have mortality rates that are more than twice as high as overall mortality rates. *See* Report of the WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19), World Health Organization (Feb. 24, 2020), at 12, available at https://www.who.int/docs/default-source/coronaviruse/who-china-joint-mission-on-covid-19-final-report.pdf (last visited September 1, 2020). One recent report revealed: "Among 784 patients with diabetes, half were hospitalized, including 148 (18.8% ) in intensive care. That compares with 2.2% of those with no underlying conditions needing ICU treatment." Tom Avril, How much diabetes, smoking, and other risk factors worsen your coronavirus odds, Philadelphia Inquirer (September 1, 2020), available at https://www.inquirer.com/health/coronavirus/coronavirus-underlying-conditions-heart-lung-kidney-cdc-20200331.html (last visited September 1, 2020). *See* CDC publication: Groups at Higher Risk for Severe Illness, *supra*. Given his medical issues and the conditions at the penitentiary, there is no way for Mr. Dominguez to practice the social distancing that we are all counting on to deliver us from this pandemic.

To obtain compassionate release, Mr. Dominguez must demonstrate that he is not a danger to the safety of others or the community under 18 U.S.C. § 3142(g). Mr. Dominguez is an 80 year old man with no teeth, a laundry list of chronic ailments and osteoarthritis in both knees. He is serving a life sentence for a conspiracy to distribute marijuana which occurred more than a quarter-century ago. Mr. Dominguez respectfully asserts that if permitted to serve his sentence in house arrest, he would pose no danger to the safety of others or the community.

Finally, this Court should consider the applicable 18 U.S.C. § 3553(a) factors. Here, the nature and circumstances of the offense and the history and characteristics of the offender, *see* § 3553(a)(1), coupled with the need to ensure adequate punishment, deterrence, and community protection, *see id.* at (a)(2)(A-C), and to avoid unwarranted disparity, *see id.* at (a)(6), do not warrant Mr. Dominguez's continued incarceration. Mr. Dominguez was sentenced to life for conspiracy to possess with intent to distribute and possession with intent to distribute marijuana. At sentencing this Court expressed some reservations about the sentence imposed. However, the Court was shackled by the government's filing of an enhancement pursuant to 21 U.S.C. § 851, which obligated the Court to sentence Mr. Dominguez to life imprisonment. If good time is taken into account, Mr. Dominguez has completed more than a 30 year sentence. Mr. Dominguez has been incarcerated for this matter since August 31, 1993, or just about 27 years.

With 15% off for good time, Mr. Dominguez would only have served approximately 25 and one-half years. Continued confinement in prison for the rest of his life is unnecessary to serve the purposes of punishment under § 3553(a)(2). Every day that Mr. Dominguez spends in prison, he is at risk of contracting a dangerous and severe case of COVID-19 that may very well kill him and therefore, his release is warranted.

If Mr. Dominguez were to be granted compassionate release by the Court, he would reside and quarantine with his daughter, Carmen Dominguez, at Cocoa, Florida 32927.[2]

WHEREFORE, Mr. Dominguez respectfully requests that this Court grant his motion for compassionate release, and that Mr. Dominguez's sentence be reduced so he may serve his sentence in home confinement.

    Respectfully submitted,

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:     s/ *Orlando do Campo*
         Orlando do Campo
         Florida Bar No. 0156582
         od@dandtlaw.com

---

[2] In compliance with Federal Rule of Criminal Procedure 49.1, Ms. Dominguez's home address was not included, but undersigned counsel will supply that information in a separately filed, sealed pleading.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9**

I HEREBY CERTIFY that I conferred with Assistant United States Attorney Walter Norkin regarding the relief requested in this motion and that the government opposes the relief requested herein.

s/ *Orlando do Campo*
Orlando do Campo

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Orlando do Campo*
Orlando do Campo
