UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 93-401-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ATILANO DOMINGUEZ,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** came before the Court on Defendant Atilano Dominguez's Motion for Compassionate Release (D.E. 300).

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. Based on the following, the defendant's motion is granted.

### I. BACKGROUND

On December 10, 1993, Atilano Dominguez was found guilty by jury of Counts One and Two of a two-count Indictment. Count One charged him with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Two charged him with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The government filed notice, pursuant to 21 U.S.C. § 851, on November 9, 1993. On February 28, 1994, Dominguez was sentenced, under the then-mandatory sentencing guidelines, to life imprisonment as to Counts One and Two, followed by ten years supervised release and a $100 special assessment. Both counts were

ordered to run concurrently with each other. After the pronouncement of sentence, the Court noted that, although the sentence was probably "too severe" and having found no grounds for departure, it didn't "have much choice" but to impose the term of life.

On September 1, 2020, Dominguez, through counsel, filed an 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. (D.E. 300). In his motion, Dominguez asserts that his severe medical conditions combined with the current climate of the COVID-19 threat faced by the prison population qualify as extraordinary and compelling reasons for compassionate release. Specifically, Dominguez cites his medical history of diabetes mellitus, type II, hypertension, congestive heart failure, coronary atherosclerosis, hyperlipidemia, GERD, anemia, eosinophilia, and enthesopathy and osteoarthritis in both knees.

The government concedes that Dominguez's age and medical condition render him vulnerable to serious consequences if he were to contract COVID-19. (D.E. 305). However, the government contends that Dominguez's "sentence of life imprisonment always contemplated that the Defendant could perish in prison." *Id.* Further, the "existence of one more way to perish in prison, specifically COVID-19," in addition to other serious medical conditions, "does not alter the appropriateness of the Defendant's incarceration." *Id.* In other words, the government argues that because Dominguez is serving a sentence of life imprisonment, it is expected that he die in prison, whether by natural causes or otherwise, and thus his risk of illness or death from COVID-19 is not an "extraordinary and compelling reason"

2

to release the Defendant. *Id.* Additionally, the government submits that the factors under Section 3553 counsel against the Defendant's release. *Id.*

Finally, the Court also considers that Dominguez's life sentence for a non-violent drug offense was imposed under mandatory and binding Sentencing Guidelines, now deemed unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 748, 160 L.Ed.2d 621 (2005).

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582 (c)(1)(A)(i), the court may modify a term of imprisonment if it finds extraordinary and compelling reasons that warrant a reduction, upon motion of the defendant after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582 (c)(1)(A)(i); First Step Act of 2018. The defendant must have exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or made the motion after a lapse of 30 days of the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *Id.* Moreover, the reduction must be consistent with applicable policy statements from the Sentencing Commission and the factors set forth in 18 U.S.C. § 3553(a). *Id.*

Application Note 1 of Section 1B1.13 of the Sentencing Guidelines provides that the defendant may establish extraordinary and compelling reasons if the defendant is suffering from a serious physical or medical condition. U.S.S.G. 1B1.13. Or, if the defendant

3

is at least 65 years old, is experiencing a serious deterioration in physical or mental health and has served at least 10 years or 75 percent of the term of imprisonment, whichever is less. *Id.* Further, in evaluating the motion for compassionate release, the Sentencing Commission directs courts to consider whether releasing the Defendant will pose a threat to the safety of the community. U.S.S.G. 1B1.13.

**III. DISCUSSION**

**A. Exhaustion of Administrative Remedies**

Under 18 U.S.C. § 3582 (c)(1)(A)(i), the statute expressly requires the defendant to fully exhaust all administrative rights before the court may modify a term of imprisonment. Dominguez applied for compassionate release to the Acting Warden S. Spaulding of the United States Penitentiary Lewisburg (USP Lewisburg) on August 13, 2020. According to the August 17, 2020 denial letter, Acting Warden S. Spaulding determined that the concern for Dominguez potential exposure to, or possibly contracting COVID-19, does not warrant an early release from his sentence.

The Court finds that Dominguez, having received the warden's August 17, 2020 denial letter, has met the administrative exhaustion requirement. His motion is therefore properly before this Court and ripe for consideration.

**B. Extraordinary and Compelling Reasons for Release**

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be

"consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 provides that a court may reduce a term of imprisonment if "(1)(A) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." The policy statement further explains in its commentary that extraordinary and compelling reasons include the following circumstances: "(A) Medical Condition of the Defendant;" "(B) Age of the Defendant; "(C) Family Circumstances;" and "(D) Other Reasons." Id. § 1B1.13 cmt. n.1.

Relevant here, Application Note 1(B) "Age of the Defendant" includes that extraordinary and compelling reasons may exist where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Dominguez satisfies these criteria. He is 80 years old and has served over 27 years in prison. Additionally, Dominguez has a long history of chronic medical conditions, rendering him particularly vulnerable to COVID-19. (D.E. 300). Specifically, Dominguez suffers from numerous significant co-morbidities, including diabetes mellitus, type II, hypertension, congestive heart failure, coronary atherosclerosis, hyperlipidemia, GERD, anemia, eosinophilia, and enthesopathy and osteoarthritis of both knees. The defendant has

5

undergone quadruple bypass surgery, a proctectomy (a surgery to remove all or part of the rectum), cataracts surgery and a hernia operation while in custody. His knee issues prevent him from standing or walking for any significant duration. As such, he relies on other inmates to wheel him to places where he needs to go, making it difficult for him to maintain proper social distance.

Although the government acknowledges that the defendant suffers from a variety of ailments, and that these maladies and his age place him within the high risk categories identified by the CDC, it asserts that BOP is well equipped to deal with the spread of COVID-19 amongst its inmates in general and for Dominguez in particular. (D.E. 305). Moreover, the government opposes his release on the grounds that his life sentence contemplated that he would die in prison. However, there is no authority that persons sentenced to life imprisonment are somehow precluded from being granted compassionate release or are subject to a higher standard of proof.

Without addressing BOP's effectiveness in dealing with the COVID-19 pandemic, the Court recognizes that there are circumstances inherent in a penal setting that make the spread of COVID-19 far more prevalent than in the community as a whole.[1] This risk is even more serious for Dominguez who relies on the kindness of inmates to assist him in moving throughout the facility. The government's response

---

[1] *See Declaration of Dr. Chris Beyrer, M.D., M.P.H.* available at http://www.wisconsinappeals.net/wp-content/uploads/2020/03/Beyrer-Declaration-C3.pdf.

6

simply ignores the fact that the current COVID-19 pandemic dramatically alters the backdrop for courts considering compassionate relief requests. *United States v. Suarez*,18-CR-20175, 2020 WL 4343994, at *1 (S.D. Fla. April 24,2020). Prior to the COVID-19 pandemic, Dominguez's circumstances may not have been serious enough to warrant compassionate relief. *Id.* However, his age and present medical conditions place him squarely in the class of individuals who face the possibility of serious illness or death from contracting the virus.

After considering Dominguez's advanced age, poor health, and that all of his medical conditions and comorbidities will further complicate his prognosis if he becomes infected with COVID-19, this Court finds that the defendant has presented extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13. See *United States v. Perez*, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020) (defendant's recent surgeries, persistent pain, and visual complications satisfy the compelling reasons requirement); *United States v. Rivernider*, 2020 WL 2393959 (D. Conn. May 12, 2020) (granting compassionate release to the 54 years old defendant with diabetes, heart disease, and hypertension who served 65% of his 144-month wire fraud sentence).

**C. Danger to Community**

Once extraordinary and compelling reasons are shown, section 1B1.13 provides that a sentence should be reduced only if releasing the inmate will not pose a danger to the safety of others or the

7

community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Factors to be considered include: (1) the nature and circumstances of the offenses of conviction; (2) the weight of the evidence; (3) Dominguez's history and characteristics; and (4) the nature and seriousness of the danger posed by his release. 18 U.S.C. § 3142(g).

After evaluating these factors, in light of the record, this Court finds that Dominguez does not present a danger to the safety of any other person or to the community. As to the first and second factors, there is no question that his offense was serious. For his crimes, he deserved and received a lengthy sentence. However, he was sentenced at a time when the sentencing guidelines were mandatory, and if sentenced today he would not face a mandatory life sentence. See *United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020).

As to the third and fourth factors, Dominguez's medical conditions and age make him statistically less likely to reoffend. According to the Sentencing Commission, "age is generally a strong factor influencing the likelihood of committing a crime," with "older offenders...substantially less likely than younger offenders to recidivate following release." [2] Finally, his numerous health issues weigh in favor of his reduced risk to reoffend.

The government, without any support, asserts that Dominguez, despite his advanced age and ailments, might pose a danger for

---

[2] U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders, 11, 30 (Dec. 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

8

recidivism. (D.E. 305, p. 15). The government also notes that Dominguez's perceived lack of remorse is inconsistent with an individual who might arguably be a low risk for recidivism or not a danger to the community. (D.E. 305, p. 14). The Court finds the government's assertions unpersuasive.

Although Dominguez is deemed a career offender because he has two prior felony drug convictions before this instant case, and has filed numerous motions for a reduction of sentence without specifically mentioning any remorse, he has served almost 27 years of his prison sentence and has no discipline infractions while incarcerated. Accordingly, upon considering Dominguez's age, deteriorating health, and the substantial amount of time he has already served, this Court finds that the risk of him engaging in criminal behavior is minimal. Moreover, as discussed below, he will be placed on 10 years of supervised release, which will result in substantial oversight by the United States Probation Office.

**D. Section § 3553(a) Factors**

Title 18 U.S.C. § 3582(c)(1)(A) further requires a court, upon finding that extraordinary and compelling reasons exist, to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. Those factors aid the court to impose a sentence that is "sufficient, but not greater than necessary...to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training,

medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant...." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted).

Reducing Dominguez's sentence furthers the goals of section 3553. As noted above, this Court recognizes the seriousness of his drug trafficking offense and his history and characteristics at the time he was sentenced. As a result of his criminal activity, he has been incarcerated for over 27 years in this case. That alone is a significant sanction. Additionally, once released, he will be on supervised release for 10 years.

As to Dominguez 's current history and characteristics, his advanced age and deteriorating health weigh in favor of compassionate release. Releasing him will also serve the interest of allowing him to seek and receive medical care for his numerous medical conditions, particularly in light of the COVID-19 pandemic. Accordingly, this Court finds that the 27-plus years he has served, in addition to the 10 years of supervised release he will serve, are sufficient, but not greater than necessary, to satisfy the purposes set forth in section 3553(a).

**IV.   CONCLUSION**

After considering the extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, the sentencing

factors in 18 U.S.C. § 3553(a), and after consideration of the applicable Sentencing Commission policies, this Court finds that Dominguez is entitled to compassionate release. This Court further finds that upon his release, he will not pose a danger to any person or the community. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release (D.E. 300) is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that his sentence is reduced to **TIME SERVED**, effective immediately, followed by 10 years of supervised release, including, as additional special conditions of supervised release, a 90-day period of home confinement with electronic monitoring to provide a structured and stable release environment. All other terms and conditions of supervision that were originally imposed remain unchanged.

The defendant is directed to report to the USPO for supervision by telephone and await further instructions. The defendant should self-quarantine for a period of 14 days to ensure the safety of the community, as well as court and probation staff.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of September, 2020.

s/ Donald L. Graham

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record